UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JEDIDIAH DEAN TROXEL,                CIVIL NO. 16-3694 (JRT/DTS)

    Petitioner,

v.                                    REPORT AND RECOMMENDATION

STATE OF MINNESOTA,

    Respondent.

A jury convicted Jedidiah Troxel of first-degree murder while committing criminal sexual conduct for the rape and murder of T.K.  Petition ¶¶ 5-6, Docket No. 1.  On November 5, 2013 the court sentenced him to life in prison without the possibility of parole.  *Id.* ¶¶ 2-3.  He did not file a direct appeal.

Troxel filed a state postconviction petition on December 22, 2014.  Criminal case # 57-CR-12-711, Pennington County District Court, online docket entry for Dec. 22, 2014; *see also* June 22, 2015 Pennington County District Court Order & Mem. 1, 3, Docket No. 13-2 at 57, 59.  He did not request an evidentiary hearing.  June 22, 2015 Pennington County District Court Order 1, Docket No. 13-2 at 57.  Troxel alleged that the trial court erred in denying his request for a lesser-included-offense jury instruction on second-degree intentional murder; the trial court erred in denying his request to introduce evidence of an alternative perpetrator; and the trial judge should have been disqualified from presiding over his trial based on an appearance of partiality under Minnesota Code of Judicial Conduct Rule 2.11(A).  The district court denied Troxel's petition on all grounds.  *Id.*  Troxel appealed to the Minnesota Supreme Court, which

affirmed the district court's denial of postconviction relief on all grounds in an opinion dated February 17, 2016.  *Troxel v. State*, 875 N.W.2d 302, 316 (Minn. 2016).

Troxel filed this *pro se* habeas petition on October 27, 2016 asserting the same three claims for relief that he raised in state court.  Petition, Docket No. 1.  He did not file a memorandum of law in support of his petition.  The State responded on December 30, 2016, asserting that Troxel's petition is barred by the one-year statute of limitations and, alternatively, his claims fail on the merits.  Docket No. 10.  Troxel did not file a reply.

## DISCUSSION

The timeliness of a state prisoner's habeas petition is governed by 28 U.S.C. § 2244(d) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Section 2244(d)(1) provides that a state prisoner has one year from the latest of four dates to file a habeas petition:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year period is tolled during the time a postconviction petition is pending:

>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Paragraph (1)(A) is the only provision that applies here. Troxel has not alleged any State impediment to filing his habeas petition; that a newly recognized and retroactively applied right applies; or that any claim is new and could not have been previously discovered. Troxel does not address the State's statute of limitations argument at all, as he did not file a reply brief.

The court sentenced Troxel on November 5, 2013. He had ninety (90) days to file a direct appeal but did not do so. *See* Minn. R. Crim. P. 29.03, subd. 3(a). The 90-day appeal period expired on February 3, 2014 and thus the one-year period to bring a habeas petition began to run on February 4, 2014. *See* 28 U.S.C. § 2244(d)(1)(A). The clock ran for 321 days until Troxel filed his state postconviction petition on December 22, 2014. *See id.* § 2244(d)(2). The one-year limitation period was tolled while his application for state postconviction relief was pending. *See id.* The tolling period ended on February 17, 2016, the day the Minnesota Supreme Court issued its decision affirming the denial of postconviction relief on all grounds. *See id.*

The limitation period began to run again on February 18, 2016 and expired 45 days later on April 2, 2016 (counting one year as 366 days, because 2016 was a leap

3

year). Troxel filed his habeas petition on October 27, 2016, several months after the one-year limitation period ended. Thus, the Court denies Troxel's habeas petition as untimely under § 2244(d).

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT:

1. Jedidiah Troxel's Petition for a Writ of Habeas Corpus [Docket No. 1] be DENIED.

2. This action be DISMISSED with prejudice.

Dated: October 18, 2017

*David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).