UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JEDIDIAH DEAN TROXEL,

                  Petitioner,

v.

STATE OF MINNESOTA,

                  Respondent.

Civil No. 16-3694 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Jedidiah D. Troxel, No. 242425, Minnesota Correctional Facility – Oak Park Heights, 5329 Osgood Avenue North, Stillwater, MN 55082, *pro se* petitioner.

Matthew Frank, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for defendant.

On October 27, 2016, Petitioner Jedidiah Dean Troxel filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet., Oct. 27, 2016, Docket No. 1.) Troxel is serving a life sentence without the possibility of parole after a Minnesota jury convicted him of first-degree murder while committing criminal sexual conduct. (*Id.* at 1.) He was sentenced on November 5, 2013, and never filed a direct appeal. (*Id.* at 1, 7.) He filed a petition for postconviction relief on December 22, 2014, which the state district court denied. (R&R at 1, Oct. 18, 2017, Docket No. 17.); *Troxel v. State*, 875 N.W.2d 302, 305-06 (Minn. 2016). Troxel appealed to the Minnesota Supreme Court, which affirmed the district court's decision on February 17, 2016. *Id.* at 316.

Troxel's § 2254 petition seeks relief on three grounds: (1) the trial judge should have been disqualified from presiding over his trial based on an appearance of partiality; (2) the trial court erred in denying his request for a lesser-included-offense jury instruction on second-degree intentional murder; and (3) the trial court erred in denying his request to introduce evidence of an alternative perpetrator. (Pet. at 3.)

United States Magistrate Judge David T. Schultz issued a Report and Recommendation ("R&R") recommending that the Court deny Troxel's habeas petition as untimely and dismiss the action with prejudice. (R&R at 4.) Troxel filed Objections on January 31, 2018.[1] (Objs., Jan. 31, 2018, Docket No. 28.) Because Troxel's § 2254 petition is time-barred under 28 U.S.C. § 2244(d)(1), the Court will overrule his objection, adopt the R&R, and deny his petition.

## DISCUSSION

### I.   STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). Because Troxel's objections were proper, the Court will review the R&R de novo.

---

[1] Troxel failed to timely object to the R&R because he was transferred to a new facility and did not receive notice of the R&R. (Order at 1, Jan. 17, 2018, Docket No. 27.) Upon being informed of the reason for Troxel's failure to timely object, the Court afforded him additional time to file objections. (*Id.*)

## II. THE AEDPA STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year period begins on the date that the petitioner's "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] *Id.* § 2244(d)(1)(A). AEDPA tolls the one-year period while a petition for postconviction relief is pending. 28 U.S.C. § 2244(d)(2).

In this case, Troxel filed his habeas petition 208 days late. He was sentenced on November 5, 2013, and his 90-day deadline for filing for direct review was February 3, 2014. *See* Minn. R. Crim. P. 29.03, subd. 3. As such, the one-year period for filing a habeas petition began on February 4, 2014. *See* 28 U.S.C. § 2244(d)(1)(A). The clock ran for 321 days before being tolled when Troxel filed his petition for postconviction relief on December 22, 2014. *See id.* § 2244(d)(2). The clock began to run again on February 18, 2016, the day after the Minnesota Supreme Court affirmed the denial of Troxel's state petition for postconviction relief. *Id.* The one-year limitation period expired 45 days later, on April 2, 2016.[3] Troxel's federal habeas petition was filed on October 27, 2016, which was 208 days after the expiration of AEDPA's limitation period.

---

[2] AEDPA establishes four possible dates for the start of the one-year limitation period. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). Troxel concedes that the only provision applicable here is 28 U.S.C. § 2244(d)(1)(A). (Objs. at 1, Jan. 31, 2018, Docket No. 28.)

[3] The total time was 366 days, which includes an added day to account for the 2016 leap year.

Troxel mistakenly argues that Section 2244(d)(2) of AEDPA resets the limitations period, rather than merely tolling it. Under this assumption, he would have had one year from the denial of his petition for postconviction relief to file a habeas petition, making his filing timely. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." *Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (quoting *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 103 (D. Mass. 2001)). Nothing in AEDPA suggests that the one-year limitations period is reset at the conclusion of a state postconviction review proceeding.

### III.  EQUITABLE TOLLING

The Court will also evaluate whether the doctrine of "equitable tolling" could save this action from being time-barred. The Supreme Court has held that "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). AEDPA's statute of limitations may be equitably tolled if a petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 632 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To justify tolling, such extraordinary circumstances must be "beyond a prisoner's control." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

Troxel contends that uncontrollable circumstances, namely his confinement and limited access to library resources, kept him from a timely filing. But Troxel's primary objection – that tolling resets the clock – suggests that his delay in filing was due to

misunderstanding the tolling statute, which is not a circumstance beyond his control. *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (equitable tolling not warranted when failure to file timely habeas petition due to petitioner misunderstanding proper procedure). Even if the conditions of Troxel's confinement contributed to his failure to file a timely petition, they do not justify equitable tolling in this case. Confinement alone is not enough, nor are bare allegations of limited access to library resources. *See Kreutzer*, 231 F.3d at 463 ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.").

Troxel's § 2254 petition is untimely and equitable tolling is not warranted; thus, the Court will overrule his objections, adopt the R&R, and deny the § 2254 petition.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, Troxel's objections to the Report and Recommendation [Docket No. 28] are **OVERRULED** and the Magistrate Judge's Report and Recommendation [Docket No. 17] is **ADOPTED**. Accordingly, **IT IS HEREBY ORDERED** that:

1. Troxel's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**.

2. This action is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 6, 2018　　　　　　　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　United States District Court